## Hunt v. PennDOT

*Ronald C. Travis*, for petitioner.
*Jerry McCoy*, for respondent.

RAUP, *P.J.*, March 26, 1987 — The facts underlying this motion of the respondent to quash and dismiss appeal are not contested. Pursuant to 75 Pa.C.S. §1341, the petitioner applied for and was issued a personal registration plate which reads "55-SUKZ." Phonetically the characters on the plate would ordinarily be read as "55-SUCKS". The peti-

tioner is a vocal opponent of the 55 mile-per-hour speed limit and he applied for the plate in question with the intent of displaying it as a means of expressing his opposition to the speed limit. The Pennsylvania Department of Transportation received a letter from a resident asking how the department could approve such a plate. After reviewing the letter, the department decided that the plate should not have been issued and initiated its recall process. By its letter of October 3, 1986, the department instructed the petitioner to return the plate by November 3, 1986, and provided petitioner with alternate means of obtaining either a personal plate or a plate from the regular series of plates.

The petitioner refused to surrender the plate and filed pursuant to 75 Pa.C.S. §1377 what he denominated an "appeal from notice of suspension of registration plate."

The first issue raised by the commonwealth is whether this court has jurisdiction to entertain the appeal.

In pertinent part, section 1377 of the Motor Vehicle Act provides:

"Section 1377. Judicial Review of Denial or Suspension of Registration. Any person whose registration has been *denied* or *suspended* by the Department shall have the right of appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." (emphasis added).

The pertinent section of the Judicial Code confers jurisdiction on the court of common pleas for appeals from determinations of the Department of Transportation under, inter alia, section 1377.

The commonwealth argues that the determination in question is neither a *denial* nor a *suspension* of the petitioner's registration, but rather a mere re-

call of a personal plate which had been issued pursuant to section 1341 of the Vehicle Code. Since there is no section in the Judicial Code which specifically confers upon the court of common pleas jurisdiction to entertain an appeal from a *recall* of a previously issued personal plate (or for that matter from a refusal by the department to issue a particular personal plate) the department argues that jurisdiction is exclusively vested in the Commonwealth Court. See 42 Pa.C.S. §763(a).

While it is true that the action of the Department of Transportation in seeking to recall a previously issued personal plate would not meet the ordinary definitions of denial or suspension of a registration, certainly the action is akin to such a determination by the department. We believe that the action can be technically viewed as a "denial" of a registration. Both sides agree that the Legislature must be deemed to have contemplated a right of appeal by the petitioner from the determination in question. There is no reason which we can imagine for the Legislature to intend that a citizen would have a right to appeal to common pleas court from an outright denial of a registration by the department but intend that a less significant act by the department in recalling a particular plate could only be heard by the Pennsylvania Commonwealth Court.

Accordingly, we hold that the appeal from the determination of the department in question is one over which the court of common pleas has jurisdiction.

The second issue is whether the regulation relating to discretionary issuance or revocation of personal registration plates is valid.

Section 1341 of the Vehicle Code (75 Pa.C.S. §1341) provides as follows:

"Section 1341. Personal Plate.

"Upon request by the applicant, the department may issue registration plates consisting of any combination of numbers, letters and numbers, or letters. These special plates may be issued for special groups or for special purposes, and bear an appropriate designation. They shall have the same force and effect as regular registration plates. The department may refuse any combination of letters and numbers for cause and shall adopt reasonable rules and regulations for issuance of the plates and for carrying out the provisions of this section. The applicant shall comply with all laws and regulations pertaining to registration, including the payment of additional fees."

Pursuant to the provisions of section 1341, the department duly adopted regulations governing the personal plate provisions. The pertinent regulation is quoted:

"Section 49.3. Personal Registration Plates. . .

"(b) Limitations and content. Personal registration plates shall conform with the following:

"(1) No personal registration plate may contain a combination of letters or numbers, or both, which, in the judgment of the department, has connotations, offensive to good taste and decency or would be misleading. The department reserves the right to recall a personal plate which it later determines to be offensive of misleading."

The petitioner contends that the provision of regulations section 49.3 which allows recall of a previously issued plate was not authorized by the enabling legislation, section 1341. Specifically, the petitioner argues that section 1341 authorized regulations for "issuance" of personal plates and did not specifically authorize regulations for the recall or revocation of plates. This argument of the petitioner is summarily denied. The legislative directive to the

Department of Transportation was that it "shall adopt reasonable rules and regulations *for issuance of the plates and for carrying out the provisions of this section. . . .*" The adoption of a provision for the recall of an improperly issued plate is a reasonable regulation designed for the carrying out the provisions of the personal plate section of the Vehicle Code.

The petitioner next argues that regulation 49.3 is invalid because it vests undue discretion in the department enforcement officials. It is the petitioner's contention that he is asserting his First Amendment rights to object to the 55 miles-an-hour speed limit and that any limitation on his freedom of speech must be subject to narrow, objective and definite standards. The petitioner's reference is to that portion of the regulation which allows the department to refuse to issue or, having issued to recall, plates having a combination of letters or numbers which, "in the judgment of the department, has connotations offensive to the good taste and decency or would be misleading."

The related argument of the petitioner is that the actual denial by the department of a right to the petitioner to have a registration plate with the numbers and letters "55-SUKZ" is an abridgment of his First Amendment rights.

The matter before the court would appear to be one of first impression in Pennsylvania. An appellate court in California, however, would appear to have considered a similar issue arising under a substantially identical statutes. The California statute authorized the refusal to issue personalized plates bearing combinations of letters or numbers with connotations offensive to good taste and decency. The California Department of Motor Vehicles had refused to issue a personalized plate to a motorist

bearing the letters, "EZ-LAY." The California Appellate Court held that the statute permitting its department to refuse to issue personalized license plates bearing combinations with connotations offensive to good taste and decency had, at best, a minimal and incidental restriction on the automobile owners First Amendment freedom of expression and furthered a substantial governmental interest in vehicle identification and protecting the identification symbol from degradation. *Katz v. Department of Motor Vehicles*, 32 Cal. App. 3d 679, 108, Calif. Reporter 424 (1973).

We find the holding in the *Katz* case persuasive. The inscription of one's motor vehicle registration plate is not an ordinary mode for one's self expression. There is at least a connotation that any message appearing on a license plate is condoned by the state. It is not unreasonable for the department to conclude that the combination of numbers and letters chosen by the petitioner in this case are "offensive to good taste." The denial of a right to petitioner to have such an inscription on his license plate involves a miniscule restriction on any First Amendment rights involved. Petitioner has many additional options for expression of his views. He indicated in the hearing that he has bumper stickers on his car which express his views; he has written letters to the editors of local publications expressing his views; and he even appeared in court for the hearing wearing a hat which bore a symbol expressing his views in opposition to the 55 miles-per-hour speed limit.

We hold that regulation 49.3 was an authorized enactment; that the language of that regulatory section permitted the department to recall the license plate in question; and that the recall does not in-

volve any violation of the defendant's First Amendment rights.

We rest our holding on our finding that the department could reasonably find that the message on the plate in question is offensive to good taste. The holding is not based upon the argument of the department that it could refuse a combination of numbers and letters which simply conveyed a message (in good taste) with which the department was simply in disagreement, such as a plate that bore the letters and numbers "ANTI-55." Nor do we base our decision upon the argument that the message on this particular plate would be unduly distractive to motorists, nor upon the argument that the message in question would encourage violation of the law.

## ORDER

And now, this March 26, 1987, upon consideration of the Pennsylvania Department of Transportation motion to quash and dismiss the appeal on jurisdictional grounds, the said motion is denied. Upon consideration of the appeal on the merits the appeal is dismissed, and the supersedeas previously issued is vacated.